IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**DONNA K. ROTHMAN O/B/O**          CASE NO. 3:21 CV 1339
**MINOR CHILD E.D.H.,**

    Plaintiff,

    v.                                       JUDGE JAMES R. KNEPP II

**COMMISSIONER OF SOCIAL SECURITY,**

    Defendant.                       **MEMORANDUM OPINION AND ORDER**

### INTRODUCTION

Plaintiff Donna K. Rothman, on behalf of her minor child, E.D.H., seeks judicial review of an adverse Social Security benefits decision under 42 U.S.C. § 405(g). This case was referred to Magistrate Judge Jennifer Dowdell Armstrong for a Report and Recommendation ("R&R") under Local Civil Rule 72.2(b)(2). Judge Armstrong recommends this Court affirm the Commissioner's final decision. (Doc. 16). Plaintiff filed objections to the R&R (Doc. 17), and the Commissioner filed a response thereto (Doc. 18). For the reasons set forth below, the Court overrules Plaintiff's objections, adopts the R&R, and affirms the Commissioner's decision.

### PROCEDURAL BACKGROUND

Plaintiff filed for supplemental security income on behalf of E.D.H. in July 2019 alleging a disability onset date of February 15, 2019. (Tr. 132-37). Her claims were denied initially and upon reconsideration. (Tr. 72-75). Plaintiff (represented by counsel), and a vocational expert ("VE") testified at a hearing before an administrative law judge ("ALJ") on August 5, 2020. (Tr. 34-52). On August 31, 2020, the ALJ found E.D.H. not disabled in a written decision. (Tr. 12-29). The Appeals Council denied Plaintiff's request for review, making the hearing decision the final

decision of the Commissioner. (Tr. 1-3). Plaintiff timely filed the instant action on July 12, 2021. (Doc. 1).

Plaintiff raised one argument related to the ALJ's decision: that the ALJ failed to properly consider the opinion of Dr. Manikum Moodley, and that therefore the ALJ's functional equivalence determination was not supported by substantial evidence

In her R&R, Judge Armstrong concluded that the ALJ had properly weighed the evidence, including the opinion of Dr. Moodley, and that Plaintiff had not established how the ALJ's conclusion was in error. She recommends the Court affirm the Commissioner's decision. *See* Doc. 16.

## STANDARD OF REVIEW

Under the relevant statute:

> Within fourteen days of being served with a copy [of a Magistrate Judge's R&R], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b)(2)-(3).

In Social Security cases, the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997); *see also* 42 U.S.C. § 405(g). "Substantial evidence is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001)). If the Commissioner's findings of fact are

supported by substantial evidence, those findings are conclusive. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006).

### DISCUSSION[1]

Plaintiff raises one objection to the R&R: that Judge Armstrong "erred in her assertion that the ALJ applied proper legal standards and reached a decision supported by substantial evidence in finding Dr. Moodley's opinion unpersuasive." (Doc. 17, at 2). In particular, Plaintiff argues "the only supporting evidence the ALJ cited was a lack of objective findings to support Dr. Moodley's prescription of Adderall" for the finding that E.D.H. was not significantly limited in her ability to attend and complete tasks. *Id.* at 2-3. Plaintiff contends the ALJ was required to consider evidence including E.D.H.'s report of depressive symptoms, anxiety symptoms, auditory and visual hallucinations to LPC Jeremy Smith, and E.D.H.'s report of postural orthostatic tachycardia syndrome ("POTS") symptoms and anxiety symptoms to Dr. Sudeshna Mitra, and that instead, the ALJ "ignored probative evidence and cherry-picked evidence surrounding [E.D.H.'s] Adderall prescription to discount Dr. Moodley's opinion." *Id.* at 3-4. She argues Judge Armstrong should have considered this reversible error.

To trigger *de novo* review, objections to the R&R must be specific, not "vague, general, or conclusory." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001). This specific objection requirement is meant to direct this Court to "specific issues for review." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). General objections, by contrast, ask this Court to review the entire matter de novo, "making the initial reference to the magistrate useless." *Id.*

---

1. Neither party objects to Judge Armstrong's summary of the medical record. Because the Court incorporates the R&R into this Opinion, it need not repeat Plaintiff's medical history, which was thoroughly described by Judge Armstrong.

3

Plaintiff's objection that Judge Armstrong "erred in her assertion that the ALJ applied proper legal standards and reached a decision supported by substantial evidence" regarding Dr. Moodley's opinion simply repeats the argument Plaintiff presented to Judge Armstrong (that the ALJ failed to properly consider Dr. Moodley's opinion). *See Fondren v. American Home Shield Corp.*, 2018 WL 3414322, at *2 (W.D. Tenn. 2018) ("A general objection, or one that merely restates the arguments previously presented and addressed by the Magistrate Judge, does not sufficiently identify alleged errors in the [R&R] to trigger *de novo* review."); *see also Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004) ("An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."). This Court nevertheless analyzes Plaintiff's objection below.

Plaintiff is correct that "an ALJ may not pick and choose, without a good medical or other reason for doing so, those limited aspects of the record that he or she chooses, while rejecting other aspects of the record without an identifiable basis for doing so." *Jones v. Comm'r of Soc. Sec. Admin.*, 2014 WL 340427, at *4 (S.D. Ohio) (citing *White v. Comm'r of Soc. Sec.*, 312 F. App'x 779, 789–90 (6th Cir. 2009)). But, as Judge Armstrong wrote in her R&R, an ALJ is not required to discuss every individual piece of evidence in order to render a decision supported by substantial evidence. *See Bosely v. Comm'r of Soc. Sec. Admin.*, 397 F. App'x 195, 199 (6th Cir. 2010).

The ALJ's decision did, however, discuss most of the evidence Plaintiff said the ALJ had not considered. *See* Tr. 27 (summarizing E.D.H.'s symptoms as presented to LPC Smith and Dr. Mitra). As Judge Armstrong pointed out, only one piece of medical evidence cited by Plaintiff – a note from Dr. Mitra – was not discussed by the ALJ. (Doc. 16, at 24). The ALJ also properly set out reasons for concluding E.D.H. had no limitation for attending and completing tasks. (Tr. 28)

4

("[t]he claimant has not been diagnosed with a condition such as attention deficit disorder (ADD) or attention deficit hyperactivity disorder (ADHD), and no treatment provider or examining physician has observed that she has objective signs of attention or concentration problems"); (Tr. 32) ("[o]n the contrary, the claimant demonstrated good concentration and attention upon the consultative psychological examination").

What Plaintiff calls "cherry-picking" "can be described more neutrally as weighing the evidence." *White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 284 (6th Cir. 2009). The ALJ did not "discount" Dr. Moodley's opinion regarding E.D.H.'s ability to attend and complete tasks so much as compare Dr. Moodley's opinion with the other available medical evidence. *See* Tr. 22-32. Judge Armstrong acted properly by noting "the Commissioner's determination must stand if supported by substantial evidence, regardless of whether some evidence might support another conclusion." (Doc. 16, at 25) (citing *Kidd v. Comm'r of Soc. Sec.*, 7 F. App'x 483, 486 (6th Cir. 2001)). On *de novo* review, this Court agrees with Judge Armstrong that the ALJ's decision was supported by substantial evidence.

## CONCLUSION

For the foregoing reasons, Plaintiff's objections are OVERRULED, Judge Armstrong's R&R (Doc. 16) is ADOPTED as the order of this Court, and the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE